UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID HAMILTON,<br><br>    Plaintiff,<br><br>    v.<br><br>K. CORUJO,<br><br>    Defendant. | No. 2:17-cv-0817 JAM KJN P<br><br>ORDER |

On April 18, 2017, defendant removed from state court the complaint filed by plaintiff, a state prisoner, proceeding pro se. Defendant paid the filing fee.

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984). The court may, therefore, dismiss a claim as frivolous when it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke, 490 U.S. at 327. The critical inquiry is whether a constitutional claim, however inartfully

pleaded, has an arguable legal and factual basis. See Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989), superseded by statute as stated in Lopez v. Smith, 203 F.3d 1122, 1130-31 (9th Cir. 2000) ("[A] judge may dismiss [in forma pauperis] claims which are based on indisputably meritless legal theories or whose factual contentions are clearly baseless."); Franklin, 745 F.2d at 1227.

Rule 8(a)(2) of the Federal Rules of Civil Procedure "requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). In order to survive dismissal for failure to state a claim, a complaint must contain more than "a formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient "to raise a right to relief above the speculative level." Id. at 555. However, "[s]pecific facts are not necessary; the statement [of facts] need only 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Erickson v. Pardus, 551 U.S. 89, 93 (2007) (quoting Bell Atlantic, 550 U.S. at 555, citations and internal quotations marks omitted). In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, Erickson, 551 U.S. at 93, and construe the pleading in the light most favorable to the plaintiff. Scheuer v. Rhodes, 416 U.S. 232, 236 (1974), overruled on other grounds, Davis v. Scherer, 468 U.S. 183 (1984).

A district court must construe a pro se pleading "liberally" to determine if it states a claim and, prior to dismissal, tell a plaintiff of deficiencies in his complaint and give plaintiff an opportunity to cure them. See Lopez, 203 F.3d at 1130-31. While detailed factual allegations are not required, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft, 556 U.S. at 678 (quoting Bell Atlantic Corp., 550 U.S. at 570).

////

> A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief.

Ashcroft, 556 U.S. at 678 (citations and quotation marks omitted). Although legal conclusions can provide the framework of a complaint, they must be supported by factual allegations, and are not entitled to the assumption of truth. Id. at 1950.

Plaintiff filed his claims on a state court complaint form. In his intentional tort cause of action, plaintiff alleges that defendant used excessive force, "lost his cool and ability to reason," and that plaintiff suffered an injury. (ECF No. 2 at 11.) In the exemplary damages attachment, plaintiff states that "staff correction officer acted maliciously and sadistically for the purpose of causing [plaintiff] harm," but plaintiff again alleges no facts demonstrating how defendant acted. (ECF No. 2 at 12.)

The use of excessive force against an inmate violates an inmate's Eighth Amendment right to be free from cruel unusual punishment. Graham v. Connor, 490 U.S. 386, 393-94 (1989). The use of force is constitutional if employed to keep or restore order in the prison; it is unconstitutional if wielded "maliciously or sadistically for the very purpose of causing harm." Whitley v. Albers, 475 U.S. 312, 320-21 (1986). "That is not to say that every malevolent touch by a prison guard gives rise to a federal cause of action. The Eighth Amendment's prohibition of 'cruel and unusual' punishments necessarily excludes from constitutional recognition de minimis uses of physical force, provided that the use of force is not of a sort 'repugnant to the conscience of mankind.'" Hudson v. McMillan, 501 U.S. 1, 9-10 (1992). The Supreme Court has identified five factors to consider in determining whether an official's use of force was sadistic and malicious for the purpose of causing harm: (1) extent of the injury; (2) need to use the force; (3) relationship between the need to use the force and the amount used; (4) the threat "reasonably perceived" by the official; and (5) any efforts made to temper the severity of the force. Id. at 7.

////

Here, plaintiff does not provide any factual allegations as to when this incident occurred, or how the use of force was employed. Plaintiff may be able to allege facts demonstrating that defendant used excessive force. But plaintiff must tell the court what happened that he contends shows that defendant used excessive force. In other words, plaintiff must allege facts surrounding the use of force in order for the court to determine whether he states a cognizable civil rights claim by using the Hudson elements to evaluate whether the facts alleged meet the required standards.

The court finds the allegations in plaintiff's complaint so vague and conclusory that it is unable to determine whether the current action is frivolous or fails to state a claim for relief. The court has determined that the complaint does not contain a short and plain statement as required by Fed. R. Civ. P. 8(a)(2). Although the Federal Rules adopt a flexible pleading policy, a complaint must give fair notice and state the elements of the claim plainly and succinctly. Jones v. Cmty. Redev. Agency, 733 F.2d 646, 649 (9th Cir. 1984). Plaintiff must allege with at least some degree of particularity overt acts which defendants engaged in that support plaintiff's claim. Id. Because plaintiff has failed to comply with the requirements of Fed. R. Civ. P. 8(a)(2), the complaint must be dismissed. The court will, however, grant leave to file an amended complaint.

If plaintiff chooses to amend the complaint, plaintiff must demonstrate how the conditions about which he complains resulted in a deprivation of plaintiff's constitutional rights. Rizzo v. Goode, 423 U.S. 362, 371 (1976). Also, the complaint must allege in specific terms how each named defendant is involved. Id. There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation. Id.; May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978). Furthermore, vague and conclusory allegations of official participation in civil rights violations are not sufficient. Ivey v. Bd. of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

In addition, plaintiff is informed that the court cannot refer to a prior pleading in order to make plaintiff's amended complaint complete. Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading. This requirement exists because, as a general rule, an amended complaint supersedes the original complaint. See Loux v.

Rhay, 375 F.2d 55, 57 (9th Cir. 1967). Once plaintiff files an amended complaint, the original pleading no longer serves any function in the case. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

Plaintiff shall file his amended complaint on the form provided by the Clerk of Court. In addition, plaintiff is not required to append exhibits. Plaintiff's previously-submitted exhibits remain a part of the court record and may be referred to by any party. (ECF No. 2 at 13-19.)

In accordance with the above, IT IS HEREBY ORDERED that:

1. Plaintiff's complaint is dismissed.

2. Within thirty days from the date of this order, plaintiff shall complete the attached Notice of Amendment and submit the following documents to the court:

    a. The completed Notice of Amendment; and

    b. An original and one copy of the Amended Complaint.

Plaintiff's amended complaint shall comply with the requirements of the Civil Rights Act, the Federal Rules of Civil Procedure, and the Local Rules of Practice. The amended complaint must also bear the docket number assigned to this case and must be labeled "Amended Complaint."

Failure to file an amended complaint in accordance with this order may result in the dismissal of this action.

3. The Clerk of the Court is directed to send plaintiff the form for filing a civil rights complaint by a prisoner.

Dated: May 3, 2017

/hami0817.14n

KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

|   |   |   |
|---|---|---|
| 1 | | |
| 2 | | |
| 3 | | |
| 4 | | |
| 5 | | |
| 6 | | |
| 7 | | |
| 8 | UNITED STATES DISTRICT COURT | |
| 9 | FOR THE EASTERN DISTRICT OF CALIFORNIA | |
| 10 | | |
| 11 | DAVID HAMILTON, | No. 2:17-cv-0415 JAM KJN P |
| 12 | Plaintiff, | |
| 13 | v. | <u>NOTICE OF AMENDMENT</u> |
| 14 | K. CORUJO, | |
| 15 | Defendant. | |

Plaintiff hereby submits the following document in compliance with the court's order filed_____.

DATED: _____   Amended Complaint


_____
Plaintiff