UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID HAMILTON,<br><br>　　　　　Plaintiff,<br><br>　v.<br><br>K. CORUJO,<br><br>　　　　　Defendant. | No. 2:17-cv-0817 JAM KJN P<br><br>ORDER and FINDINGS &<br>RECOMMENDATIONS |

Plaintiff is a state prisoner, proceeding pro se. Defendant removed this action from the Amador County Superior Court, Case No. 17-CVC-09963. Plaintiff's complaint was dismissed and plaintiff was granted leave to amend. Plaintiff filed an opposition to the removal, and on June 5, 2017, defendant filed a response. On June 8, 2017, plaintiff filed a motion to remand the case back to the Amador County Superior Court.

Pursuant to § 1447(c), plaintiff contends that the court lacks subject matter jurisdiction because he is raising only state law claims. Defendants counter that plaintiff alleges a violation of his rights under the First, Eighth, and Fourteenth Amendments to the U.S. Constitution. (ECF No. 14 at 1.)

In the original complaint, filed on a state court complaint form, plaintiff asserts causes of action for personal injury, oppression and emotional distress, and intentional tort. Plaintiff

1

includes "unreasonable and unwarranted use of unnecessary excessive force causing injury" by the "other box," but attached only an intentional tort causes of action in which he again discusses the use of unreasonable force. (ECF No. 2 at 11.)

Under 28 U.S.C. § 1441(a), a defendant may remove from state court any action "of which the district courts of the United States have original jurisdiction." Federal courts "shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. The removal statute is strictly construed, and defendant bears the burden of establishing grounds for removal. Syngenta Crop Protection, Inc. v. Henson, 537 U.S. 28, 32 (2002); Provincial Government of Marinduque v. Placer Dome, Inc., 582 F.3d 1083, 1087 (9th Cir. 2009). "[F]ederal jurisdiction 'must be rejected if there is any doubt as to the right of removal in the first instance,'" Duncan v. Stuetzle, 76 F.3d 1480, 1485 (9th Cir. 1996) (quoting Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992)).

"The presence or absence of federal-question jurisdiction is governed by the well-pleaded complaint rule, which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." Caterpillar, Inc., v. Williams, 482 U.S. 386, 392 (1987) (internal quotations and citations omitted). "The rule makes the plaintiff the master of the claim; he or she may avoid federal jurisdiction by exclusive reliance on state law." Caterpillar, Inc., 482 U.S. at 392.

In this instance, plaintiff's complaint does not plead claims for relief under 42 U.S.C. § 1983. Plaintiff is correct that he alleges state law claims and relies solely on state law. Defendant alleges that plaintiff's claims arise under the Eighth Amendment; however, there is no mention of the Constitution or of plaintiff's federal constitutional rights. Plaintiff specifically sets forth his state law claims of personal injury, oppression and emotional distress and intentional tort. Therefore, plaintiff is correct that the court does not have subject matter jurisdiction over this action.

A motion to remand is the proper procedure for challenging removal. Babasa v. LensCrafters, Inc., 498 F.3d 972, 974 (9th Cir. 2007). Where doubt regarding the right to removal exists, a case should be remanded to state court. Matheson v. Progressive Specialty Ins. Co., 319

F.3d 1089, 1090 (9th Cir. 2003) (per curiam).  In this case, the court finds that plaintiff has exercised his right to rely exclusively on state law, although the court expresses no opinion on the viability of those claims. Caterpillar, Inc., 482 U.S. at 392.  The court lacks subject matter jurisdiction over this action and it should be remanded to the Amador County Superior Court.

In light of these recommendations, IT IS HEREBY ORDERED that plaintiff's motions to vacate (ECF Nos. 18, 19) are denied without prejudice.

Accordingly, IT IS HEREBY RECOMMENDED that:

1. Plaintiff's motion to remand (ECF No. 15) be granted;

2. This action be remanded to the Amador County Superior Court for lack of subject matter jurisdiction; and

3. The Clerk of the Court be directed to serve any order adopting these findings and recommendations on the Amador County Superior Court.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any response to the objections shall be filed and served within fourteen days after service of the objections.  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated:  August 30, 2017

KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

/hamil0817.rem